CARLOS ROSADO-ACOSTA, Plaintiff and Appellant, v. AMERICAN RAILROAD COMPANY, Defendant and Appellee.—RAFAEL VALENTÍN, Plaintiff and Appellant, v. AMERICAN RAILROAD COMPANY, Defendant and Appellee.—BENITO LECLERC, Plaintiff and Appellant, v. AMERICAN RAILROAD COMPANY, Defendant and Appellee.

Nos. 4171, 4172 and 4173. Argued March 9, 1928.—Decided June 27, 1928.

*Angel A. Vázquez* for the appellants. *Federico* and *Mariano Acosta Velarde* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Rafael Valentín, plaintiff in the above entitled case No. 4172, was the driver of the truck referred to in *Roselló Bras* v. *American Railroad Company, ante,* page 432. Benito Leclerc, plaintiff in No. 4173, was an assistant or helper. In the absence of a suitable mirror in front of the driver the law

requires the presence of such a man in the alternative on the rear of heavy motor vehicles when so loaded as to obstruct the view of the driver in that direction. *Rivera* v. *Currá*, 33 P.R.R. 925, 930. Leclerc was riding on the front seat with the driver. Carlos Rosado, plaintiff in No. 4171, was the owner of the bananas with which the truck was loaded. He was also on the front seat with Valentín and Leclerc, to the right of both on the side nearer the railroad track, and, therefore, in a better position than either the driver or his helper to see the train and to avoid the accident.

The manner in which these cases were tried, and in which the transcript of the evidence was prepared and submitted to the trial judge for his approval, is set forth in *Valentín* v. *American Railroad Co.*, 37 P.R.R. 573. We need not repeat here what was said in disposing of the motion to dismiss the several appeals. Contributory negligence on the part of the plaintiff in each of the three cases now under consideration was pleaded by defendant, and the three cases were submitted and decided in the court below, as far as this issue was concerned, upon the evidence adduced in *Roselló Bras* v. *American R. R.Co.*, No. 4174, *supra*.

The conclusion reached in No. 4174 of course disposes of the Valentín case even more effectively than it disposed of the case already decided. In neither of the other two cases now under discussion does the brief for appellant intimate that a different rule should apply, or that any distinction should be drawn, in determining the question of contributory negligence *vel non*, or the degree thereof, on the part of Leclerc or of Rosado. In the circumstances we do not deem it necessary to conduct an independent investigation along the line indicated. See, however, 20 R.C.L., page 159, sec. 132; 22 R.C.L., page 1049, sec. 283; Note to *Penn. R. R. Co.* v. *Yingling*, 41 A.L.R. 405, 419, 420, 423, 424.

In each of the three cases now before us there is but a single assignment of error. The question so raised is identical both in form and substance with the second of the two

438

propositions submitted and decided adversely to appellant in *Roselló Bras* v. *The American R. R. Co., supra.*

The judgment appealed from in each of the cases, numbers 4171, 4172 and 4173, therefore, will be affirmed upon the authority of *Roselló Bras.* v. *The American R. R. Co., supra.*